IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOHN WALKER, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 06 C 5282<br>) |
| ATTORNEY GENERAL OF THE STATE OF ILLINOIS, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner John Walker's ("Walker") petition for a writ of *habeas corpus*. For the reasons stated below, we grant Respondent's motion to dismiss in its entirety.

## BACKGROUND

On October 15, 2002, following a jury trial in the Circuit Court of Cook County, Walker was convicted of possession of a controlled substance with intent to deliver, (Pet. 1), and he was sentenced to three years of probation and fifty hours of community service. *See People v. Walker*, 1-03-0432, at 1 (Ill. App. Ct. 2004). On September 3, 2004, Walker's conviction was upheld by the Illinois Appellate Court.

*See Walker*, 1-03-0432, at 1, 4. Walker subsequently filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on May 25, 2005. *People v. Walker*, Order No. 99278, (Ill. May 25, 2006). Walker filed the instant petition for writ of *habeas corpus* on September 26, 2006. Respondent has filed a motion to dismiss, claiming that Walker's petition for a writ of *habeas corpus* is time barred.

## DISCUSSION

Respondent moves to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d) ("Section 2244(d)"), which imposes a one-year statute of limitations on *habeas* petitions, subject to tolling for certain reasons. 28 U.S.C. § 2244(d). Section 2244(d) states that all 28 U.S.C. § 2254 federal *habeas* petitions must be filed within one year of the latest of: "(1) the date the judgment becomes final or the expiration of time to seek review; (2) the date that the impediment to filing created by state action in violation of the Constitution is removed; (3) the date that the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005)(citing 28 U.S.C. § 2244(d)). The statute of limitations is tolled, however, "during such time that the petitioner has state post-conviction or other collateral review with respect to the pertinent judgment pending in state court." *Id*. The Seventh Circuit has also held that the statute of limitations can be tolled under the doctrine of equitable tolling "when extraordinary circumstances outside of the petitioner's

control prevent timely filing of the *habeas* petition." *Id.*

In the instant action, Walker's conviction was affirmed by the Illinois Appellate Court on September 3, 2004, and his petition for leave to appeal with the Supreme Court of Illinois was denied on May 25, 2005. In addition, Walker does not deny that he did not file a petition for writ of certiorari with the United States Supreme Court. Therefore, the finality of Walker's conviction was not delayed for the ninety-day period for filing a petition for writ of certiorari in the United State Supreme Court, and Walker's conviction became final on May 25, 2005. *See Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir. 2000)(holding that the statute of limitations under Section 2244(d) is not tolled during the 90-day period to file a petition for writ of certiorari if the petitioner does not actually file such a petition). Therefore, in regard to Walker's petition for writ of *habeas corpus*, the statute of limitations began to run for the purposes of Section 2244(d) on May 25, 2005. The instant action was filed on September 28, 2006, 491 days after Walker's conviction became final, which is well beyond the one-year limitations period set forth in Section 2244(d).

Walker contends that he filed the instant action in an untimely manner due to the fact that he "was never informed [by his counsel] to do so until [he] was incarcerated on an unrelated matter" (Pet. 6). This reason, however, is not sufficient for the court to equitably toll the statute of limitations. *See Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002)(stating that not even "a lawyer's mistake is . . . a valid basis for . . . equitable tolling"). In addition, Walker has not alleged any circumstances out of his control that would merit applying the doctrines of equitable

tolling or equitable estoppel. *See Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)(stating that "equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the *habeas* petition"); *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004)(defining equitable estoppel as "conduct by the defendant that prevents the plaintiff from suing within the statutory period"). Walker has also failed to make any showing of actual innocence that could lead this court to waive the statute of limitations. *See Gildon*, 384 F.3d at 887 (holding that for a court to allow a claim of actual innocence to overcome a statute of limitations under Section 2244(d), "a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations"). For the reasons stated above, we conclude that the instant petition for a writ of *habeas corpus* was untimely and we grant Respondent's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion to dismiss in its entirety.

                              _____
                              Samuel Der-Yeghiayan
                              United States District Court Judge


Dated: April 26, 2007